*1336 OPINION.
Trussell:
The petitioner abandoned two issues raised in the pleadings, leaving only one to be decided in this proceeding. The question is whether, as contended by the petitioner, an amount of salaries of officers, in excess of the deduction which has been allowed by the respondent, is deductible under the provisions of section 234 (a) (1) of the Revenue Act of 1924 wherein, among other things, it is provided that salaries to be deductible must have been paid or incurred within the taxable year. The salaries were regularly accrued upon the books, weekly, until a time a little later than the *1337 middle of tlie year, when all of the officers disposed of their stock-holdings in the affiliated corporations, discontinued their services, and released the affiliated corporations from liability for the amounts of the salaries which were then unpaid. The petitioner claims the forgiveness of the indebtedness was a gift from the officers.
We had under consideration in Appeal of H. C. Couch, 1 B. T. A. 103, the contention- of the Commissioner that an amount of salary accrued upon the books of a corporation was constructively received by the officer and a cancellation of the unpaid part thereof was a gift to the corporation rather than a modification of the amount of compensation incurred.
We held in that case, under facts comparable to those of the instant case, that no amount of salary greater than that actually paid was received by the officer or incurred by the corporation.
A readjustment during the year of the amounts of salaries is not unusual in corporation procedure. The amounts incurred are those finally agreed upon during the year. Whitney Mining Co., 4 B. T. A. 310. In the instant case we think that the amounts of the salaries of the officers were reduced by mutual understanding at a time when the officers were divesting themselves of all interest in the corporations and they were severing connection therewith. The failure of the bookkeeping to entirely accord with the facts is immaterial. We conclude that the salaries actually paid and allowed as deductions by the respondent were all that were incurred during the year, consequently no greater amount is deductible. Cf. H. B. Hill, 3 B. T. A. 761; George Bernard's, Ine., 8 B. T. A. 716.

Judgment will be entered for the respondent.